IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br>MONICA EMILIE JOHNSON.<br>            Debtor. | Chapter 7<br>Case No. 2:08-bk-13937-SSC<br>(Not for Publication- Electronic Docketing ONLY)<br>MEMORANDUM DECISION CLARIFYING COURT'S RULING ON THE RECORD |

On April 29, 2009, this court conducted a hearing on whether Sherwood Park Homeowners Association ("Homeowners' Association"), had violated the discharge injunction under 11 U.S.C. §524. Ms. Elise Saadi appeared on behalf of the Homeowners' Association, and Ms. Johnson appeared telephonically.

After reviewing the letters sent to Ms. Johnson, the Court concludes that the Homeowners' Association was requesting that Ms. Johnson remove debris or other items from the front of her condominium unit which might have caused a health and/or safety issue. To the extent that these actions were done prior to the entry of her discharge order, they are not a violation of the automatic stay. 11 U.S.C. § 362(b) (4). Section 524, after the entry of the discharge injunction, focuses on the prohibition by a creditor of collection on an obligation that is a personal liability of the debtor. However, the discharge injunction does not prohibit a creditor from stopping or prohibiting a health or safety violation. In re Price, 383 B.R. 411 (Bankr. N.D. Ohio 2007). Thus, the Court cannot conclude that any action by the Homeowners'

1

Association was a violation of the discharge injunction.

A separate issue arose as to the post-petition collection efforts of the Homeowners' Association to recover fines or assessments due and owing by the debtor, and whether those actions were a violation of the discharge injunction. Ms. Johnson stated that at the Section 341 Meeting of Creditors, she notified her chapter 7 trustee that she would no longer retain possession of her condominium unit. However, neither the Homeowners' Association nor the creditor with the first lien on the condominium unit was present at the Meeting. The secured creditor independently took action to foreclose its interest in the unit. The debtor stated that she notified the Homeowners' Association by a letter dated February 17, 2009, that she had vacated the condominium unit and that it should cease collection efforts against her. Counsel for the Homeowners' Association advised the Court that the trustee's sale of the debtor's property occurred on March 23, 2009, or the Trustee's deed upon sale was recorded on March 23, 2009, but that she had no record of any letter received from the debtor as to the debtor's abandonment of the unit.

The Court advised the parties at the hearing that if a creditor has a valid, pre-petition lien, that lien "carries through" the bankruptcy proceedings. Dewsnup v. Timm, 502 U.S. 410, 112 S. Ct. 773 (1992). The Court also stated that the anti-deficiency judgment statute in Arizona prohibits a lien creditor from pursuing a personal liability against a debtor, if the creditor is not paid in full after a foreclosure sale of the real property. A.R.S. § 33-729. The Court also cited the parties to 11 U.S.C. §523(a)(16), which states that certain post-petition fines and assessments from a homeowners' association shall not be discharged under Section 727 of the Bankruptcy Code. Thus, the Court concluded that to the extent that the Homeowners' Association was pursuing the debtor for any post-petition fines or assessments that arose prior to the Trustee's Sale on the unit, the debtor would be responsible for those fines or assessments. However, to the extent that those fines or assessments arose pre-petition, they would be

2

Case 2:08-bk-13937-SSC    Doc 37    Filed 05/01/09    Entered 05/01/09 11:33:37    Desc
Main Document    Page 2 of 4

discharged.[1]  Although the pre-petition fines and assessments may have been a lien against the real property at the time of the Trustee's Sale, counsel for the Homeowners' Association believes that the Association was not entitled to a lien priority under Arizona law and the pre-petition liability would have been extinguished, as a lien, as result of the Trustee's Sale. That pre-petition liability also would have been extinguished as a personal liability of the debtor. 11 U.S.C. §523(a)(16).

At the conclusion of the hearing, counsel for the Homeowners' Association stated that approximately $700 was due and owing by the debtor to the Association. The Court wishes to clarify that counsel should advise the debtor solely of the liability for fines or assessments which has accrued after the debtor filed her bankruptcy petition on October 9, 2008 up to the date of the Trustee's Sale, which counsel believes to be March 23, 2009. Any other liability has been discharged.

Based upon the foregoing, the Court concludes that Sherwood Park Homeowners Association did not violate the discharge injunction of 11 U.S.C. §524.

DATED this 1st day of May, 2009

*[signature]*

Honorable Sarah Sharer Curley
United States Bankruptcy Judge

**Notice of this Decision Mailed To:**

Maxwell & Morgan
Elise V. Saddi
2500 S. Power Road, Suite 103
Mesa, Arizona 85209

---

**1.** The Court specifically read into the record the language that "nothing in this paragraph [Section 523(a)(16)] shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before the entry of the order for relief in a pending or subsequent bankruptcy case. . ."

3

Case 2:08-bk-13937-SSC    Doc 37    Filed 05/01/09    Entered 05/01/09 11:33:37    Desc
Main Document    Page 3 of 4

| | |
|---|---|
| 1 | *Attorneys for Respondent* |
| 2 | Sherwood Park Homeowners Association |
| | 2345 S. Alma School Road Ste 210 |
| 3 | Mesa, AZ 85210 |
| | *Respondent* |
| 4 | |
| | Monica Johnson |
| 5 | 91 Bluff Rd. |
| | Bath, ME 04530 |
| 6 | *Debtor* |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | 4 |